Opinion
 

 HOLLENHORST, J.
 

 Plaintiff, a customer of defendant water district, filed this action to challenge certain late fees and penalties assessed by the
 
 *1552
 
 district. Plaintiff contended that the method of computation of penalties, late fees, and charges violates Government Code section 61621. The trial court disagreed and granted summary judgment for the water district.
 

 Undisputed Facts
 

 The Jurupa Community Services District (District) provided water and sewer services for a fee to plaintiff Waterman Convalescent Hospital, Inc., doing business as Mt. Rubidoux Convalescent Center (Waterman). Billing was on a monthly basis.
 

 Waterman’s April 24, 1991, bill for water and sewer services was $877.54. Payment was due May 20, 1991. A dispute arose as to whether this payment was made on time, but late payment was conceded for purposes of the summary judgment motion.
 

 Contending the payment was late, the District issued its May 22 bill consisting of $1,015.18 for current services and $87.75 for a late penalty. The $87.75 represented a 10 percent late charge on the $877.54 April bill. Waterman paid the $1,015.18 on June 6, 1991, which the District applied to the May 22 bill, leaving $87.75 unpaid.
 

 The next bill was dated June 26, 1991, and consisted of $1,222.46 for current services and another 10 percent late charge on the $87.75, or $8.78. Thus, each month Waterman paid the current charges and was charged an additional 10 percent late charge on the unpaid balance. This continued until April 1994, when the total due reached $1,684.45. At that point, the District threatened to cut off services and Waterman paid the bill under protest and brought this action to recover the amount paid.
 

 Discussion
 

 Waterman contends that the District’s billing policy violates Government Code section 61621 and the District’s Ordinance No. 81 because the District is charging a 10 percent penalty on prior 10 percent penalties.
 

 The District contends that it applies any monthly payment to the earlier outstanding bill and, if the current bill thereby becomes not fully paid, a new 10 percent penalty is applied to the outstanding balance of the current bill. It argues that neither the statute nor the ordinance sets forth the
 
 manner
 
 in which payments are to be applied to an account, and thus it does not violate the statute or the ordinance.
 

 Government Code section 61621, in relevant part, provides: “A district may provide for the collection of charges. Remedies for their collection and
 
 *1553
 
 enforcement are cumulative and may be pursued alternatively or consecutively as the local agency determines. [¶ A district may provide for a basic penalty of not more than 10 percent for nonpayment of the charges within the time and in the manner prescribed by it, and in addition may provide for a penalty of not exceeding one-half of 1 percent per month for nonpayment of the charges and basic penalty. It may provide for collection of the penalties herein provided for.”
 
 [1]
 

 Waterman interprets the statute as authorizing (1) monthly charges for services provided; (2) a 10 percent penalty for nonpayment of charges and (3) an additional penalty of one-half of 1 percent for nonpayment of charges and basic penalty. It argues that there was only one untimely payment, and only one 10 percent basic penalty was authorized. When it continued to pay current monthly charges, only the one basic penalty of $87.75 remained unpaid, and it argues that only a
 
 Vi
 
 percent penalty could be applied for that nonpayment. In other words, Waterman argues that, once the basic 10 percent late payment penalty is applied, the only further penalty which may be added is the
 
 Vi
 
 percent penalty. Waterman therefore contends that the District was unlawfully charging penalties on top of penalties. It calculates the maximum penalty which could have been charged (in the applicable time period here) for the one late payment of $87.75 as $102.42.
 

 The District denies that it was compounding penalties, i.e., that it was charging penalties on top of penalties. It maintains that “the Legislature clearly left the manner in which the fees are collected, and the manner in which payments are applied, to the discretion of the District. There is nothing in the statute or the ordinance which prevents the District from applying a payment to a customer’s late fee first, and then the balance to a customer’s monthly bill, in order to collect a late payment penalty.” In other words, “the District would apply Waterman’s monthly payment to the unpaid portion of Waterman’s previous month’s bill, leaving an unpaid balance on Waterman’s current monthly bill, against which a 10% penalty was assessed.”
 

 The difficulty with the District’s argument is that the statute authorizes a basic penalty for late
 
 payments
 
 (nonpayment within the time specified for
 
 *1554
 
 payment), but not a basic penalty for partially unpaid
 
 monthly account balances.
 
 Instead, the statute provides that, if the charges and basic penalty remain unpaid, an additional one-half of 1 percent penalty may be applied. While we find the statute to be clear and unambiguous, the District’s interpretation renders the additional penalty provision meaningless.
 

 Waterman cites
 
 Schuhart
 
 v.
 
 Pinguelo
 
 (1991) 230 Cal.App.3d 1599 [282 Cal.Rptr. 144] in support of its position. In that case, the trial court interpreted a statute relating to water district improvement bonds. The statute provided for a 1 percent penalty for late payment and the appellate court held that the trial court erred in applying a 2 percent penalty provided in a subsequent statute.
 

 The appellate court also considered a secondary issue which is cited here. The trial court had interpreted the statute and a penalty clause in the bond to allow compounding of the monthly penalty. The trial court accepted the plaintiff’s argument that “after the first penalty is calculated, this initial penalty merges with the initial delinquent payment to become the new delinquency upon which the next month’s penalty is to be calculated.”
 
 (Schuhart
 
 v.
 
 Pinguelo, supra,
 
 230 Cal.App.3d 1599, 1607.) The appellate court found this interpretation to be erroneous. It said: “The statute scrupulously maintains a distinction between penalties and delinquent payments of principal and interest, directing the continued imposition of penalties until ‘such delinquent payment and all penalties thereon are fully paid,’ and directing the treasurer to collect ‘such penalties with and as a part of the delinquent payment.’ ”
 
 (Id.,
 
 at p. 1608.)
 

 Although the court expressed its belief that the Legislature did not intend to impose a 1 percent penalty on the amount of delinquent principal and/or interest each month, it found the language arguably ambiguous. It therefore considered legislative intent and found that absurd consequences would result from plaintiff’s interpretation. After examining the legislative materials, it found no intent to allow compounded penalties. The court also noted that plaintiff had “failed to cite a single statute or case that authorizes compounding of penalties. Penalties and forfeitures are not favored by the courts, and statutes imposing penalties or creating forfeitures must be strictly construed.”
 
 (Schuhart
 
 v.
 
 Pinguelo, supra,
 
 230 Cal.App.3d 1599, 1610.)
 

 We agree with Waterman that the statute here is clear and unambiguous, and that it does not authorize the penalties imposed here. The statute authorizes a “basic penalty of not more than 10 percent” for late payments. It also authorizes an additional penalty “not exceeding one-half of 1 percent
 
 *1555
 
 per month for nonpayment of the charges and basic penalty.” (Gov. Code, §61621.) Here, there was only one late payment, and the basic penalty amounting to $87.75 was charged. Upon nonpayment of this amount, the district could charge an additional penalty of one-half of 1 percent per month.
 

 Instead, the District charged a 10 percent penalty on the $87.75 late charge and thus added $8.78 to Waterman’s bill. The following month, it added the two 10 percent penalties to total $96.53 and then charged another 10 percent, or $9.65, to the bill. We find this progression of 10 percent basic penalties is not authorized by the statute. The District thus admitted “that [it] applied a charge of ten percent (10%) per month each and every month to Plaintiff’s account for water services between May 1991 and March 1994.” This practice is the problem. As noted above, the basic penalty is for nonpayment within the time specified,
 
 not
 
 for having a monthly account balance.
 

 While we agree with the District that the statute does not specify the manner in which payments are applied to an account, and that the application of payments to the oldest balances first is not barred by the statute, the fact remains that only the penalties specified by the statute are authorized. (Cf. Fin. Code, § 4001;
 
 Hitz
 
 v.
 
 First Interstate Bank
 
 (1995) 38 Cal.App.4th 274 [44 Cal.Rptr.2d 890] [late fees on consumer credit card accounts];
 
 Beasley
 
 v.
 
 Wells Fargo Bank
 
 (1991) 235 Cal.App.3d 1383 [1 Cal.Rptr.2d 446] [same].)
 

 The District argues that Waterman’s interpretation of the statute would create an absurdity because the District would be effectively prevented from ever collecting a late payment penalty where a customer is making partial payments. We disagree. If a customer fails to make payments within the specified time, including the basic penalty for late payment, the additional payment of “one-half of 1 percent per month for nonpayment of the charges and basic penalty” (Gov. Code, § 61621) may be charged. In addition, the District has the other very effective remedies of cutting off service or putting a lien on the property. (Gov. Code, §61621;
 
 Perez
 
 v.
 
 City of San Bruno
 
 (1980) 27 Cal.3d 875, 886-888 [168 Cal.Rptr. 114, 616 P.2d 1287].) While the District appears to feel that the additional penalty of one-half of 1 percent is inadequate, its remedy is in amendment of the statute.
 

 In addition, we note that the District did not follow the provisions of its own Ordinance No. 81. That ordinance provides for a 10 percent penalty for delinquent payments. (See fn. 1,
 
 ante.)
 
 It then provides that, if the bill is not paid in full by the 40th day, the water shall be turned off. If the bill is not
 
 *1556
 
 paid by the 60th day, the additional penalty of one-half of 1 percent applies.
 
 (Ibid.)
 
 The Ordinance also refers to delinquent
 
 payments,
 
 not delinquent account balances. It thus supports Waterman’s interpretation that only one basic penalty is allowable for each late payment.
 

 Finally, as noted above, the plaintiff in
 
 Schuhart
 
 argued “that after the first penalty is calculated, this initial penalty merges with the initial delinquent payment to become the new delinquency upon which the next month’s penalty is to be calculated.”
 
 (Schuhart
 
 v.
 
 Pinguelo, supra,
 
 230 Cal.App.3d 1599, 1607.) This argument, which was rejected in
 
 Schuhart,
 
 is the same method as was used here: the current payment is applied to the earlier deficit balance, thus creating a cumulative payment balance in the current month which is subject to a new penalty. The
 
 Schuhart
 
 court found no statutory basis for such an interpretation, pointing out that “[t]he statute scrupulously maintains a distinction between penalties and delinquent payments of principal and interest . . . .”
 
 (Id.,
 
 at p. 1608.) The same is true here, as the statute here clearly distinguishes between charges for services, the basic penalty, and the additional penalty.
 

 The District attempts to fit within
 
 Schuhart
 
 by arguing that “the facts show that the District scrupulously maintained a distinction between penalties and monthly charges.” Yet the facts show that the District’s accounting practice had the opposite effect: The application of a monthly payment to the preceding month’s unpaid penalty generated an unpaid cumulative balance in the current month which then provided the basis for another 10 percent penalty. Thus, the District’s accountant advised Waterman in 1994 that “[t]he current outstanding balance on the account is $1,684.45 which is an accumulation of late charges dating back to the original late charge of $87.75 placed on the April 1991 bill.”
 

 If the monthly charges and penalties are viewed separately, as they should be, it must be admitted that Waterman paid all monthly charges currently, except for the one late payment that led to the $87.75 penalty. All the other 10 percent penalties were attributable to this fact. We therefore agree with Waterman that the District was compounding 10 percent penalties upon 10 percent penalties and that such compounding is not authorized by the statute. “Penalties and forfeitures are not favored by the courts, and statutes imposing penalties or creating forfeitures must be strictly construed.”
 
 (Schuhart
 
 v.
 
 Pinguelo, supra,
 
 230 Cal.App.3d 1599, 1610; cf.
 
 Smiley
 
 v.
 
 Citibank
 
 (1995) 11 Cal.4th 138, 161-162 [44 Cal.Rptr.2d 441, 900 P.2d 690] [late payment fees justified as a matter of public policy];
 
 McConnell
 
 v.
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc.
 
 (1978) 21 Cal.3d 365 [146 Cal.Rptr. 371, 578
 
 *1557
 
 P.2d 1375,18 A.L.R.4th 1050] [compound interest charged on stockbroker’s margin accounts as usury].)
 

 The trial court therefore erred in granting the District’s motion for summary judgment. While the issue is a matter of law, we do not decide whether Waterman’s summary judgment motion should have been granted in its entirety, as issues remain as to damages and the scope of relief sought by Waterman’s summary judgment motion.
 

 Disposition
 

 The judgment is reversed. On remand, the trial court is directed to reconsider Waterman’s motion for summary judgment in the light of the discussion in this opinion.
 

 Ramirez, P. J., and McKinster, J., concurred.
 

 [1]
 

 The parties do not focus their arguments on the District’s Ordinance No. 81. It provides, in relevant part, “All bills for water service shall be due and payable immediately upon receipt. There shall be added to any bill for water service for which payment is not received by 5 p.m. on the 26th day following the billing date a basic penalty in an amount equal to ten percent (10%). ... [¶ If a delinquent water bill is not paid in full, including penalties, by the 40th day following the billing date, the General Manager shall turn-off and discontinue water service to the consumer . ... [¶ All delinquent bills which are not paid by the 60th day following the billing date shall be subject to a delinquency penalty of one-half of one percent (.005%) per month which shall apply from the billing date until the bill is paid in full.”